# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BRITTANY HUDSON,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**Civil Action Number:** 5:26-cv-00213

**TRACEY BLEVINS,**
**RYAN WALLS, JEFFREY FORNASH,**
**MEGAN KITTLE, DANIEL SHIP, SANTANA**
**KENNEDY, JUSTIN MOORE, and**
**JOHN/JANE DOE(S)**
    **Defendants, In their Individual Capacities.**

## COMPLAINT

Comes now the Plaintiff, Brittany Hudson, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for her complaint against the above-named Defendants, states as follows:

1.　　　Plaintiff, Brittany Hudson (hereinafter, "Plaintiff"), was incarcerated at the Southern Regional Jail (hereinafter "SRJ") for all relevant times herein.  Plaintiff is no longer incarcerated and currently resides in Cabell County, West Virginia.

2.　　　West Virginia Regional Division of Corrections and Rehabilitation (hereinafter "WVDOCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia.  The WVDOCR is responsible for overseeing the jails and correctional facilities throughout the state.

3.　　　Defendants Tracey Blevins, Ryan Walls, Jeffrey Fornash, Megan Kittle, Corporal Daniel Ship, Santana Kennedy, Justin Moore, and John/Jane Doe(s) were correctional officers or counselors employed by the WVDCR and by policy were responsible to carry out their duties in a manner to provide for the safety and security of inmates. The defendants are being sued in their

individual capacities.  Defendants had knowledge that Plaintiff was being placed in a cell with dangerous inmates and were present when plaintiff was attacked by other inmates and seriously injured.  Defendants furthermore heard and witnessed plaintiff's plea for help.  Defendants had a duty to intervene on plaintiff's behalf and stop the beating.  The defendants had the opportunity and duty to intervene and protect plaintiff but failed to do so.  Plaintiff has suffered severe injuries as a result of the attack.  Plaintiff also suffers from severe emotional distress.

4.      All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

5.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 4 as if set forth herein.

6.      On or about April 8, 2022, Plaintiff was placed in a cell with inmates Kandace Cline and Chastity Bowyers.

7.      Prior to Plaintiff being placed in a cell with inmates Kandace Cline and Chastity Bowyers, inmates Cline and Bowyers had ingratiated themselves with Correctional Officers at Southern Regional Jail and received favors and preferential treatment from these correctional officers, including but not limited to Defendants Blevins, Walls, Fornash, Kittle, Ship, Kennedy, Moore and John/Jane Doe(s).

8.      The Defendants were involved in carrying letters to other inmates in the facility for inmates Cline and Bowyers. According to Cline, Defendant Blevins passed food, coffee, and tobacco to other inmates for Cline and Bowyers.

9.      According to inmate Cline, Chastity Bowers would dance for Defendant Ryan Walls while she was in the shower and then received preferential treatment and favors.

10.     Prior to this incident, inmate Kandace Cline stated in a letter that she ran the pod

and there were constant physical altercations in the pod she "runs." Cline, Bowyers, and other inmates would bully, harass, and physically assault other inmates they did not like in the pod.

11.     Prior to this incident, inmates Kandace Cline and Chastity Bowyers were regularly permitted to be out of their cell while they were on Administrative Segregation and were frequently under the influence of alcohol and/or drugs.

12.     Inmates Cline and Bowyers were involved in repeated and numerous physical confrontations, including battery and assault of other inmates prior to the incident involving Plaintiff. Due to the inmates relationships with the Defendants, these physical attacks were allowed to continue and inmates Cline and Bowyers were not properly disciplined nor were they kept away from inmates such as Plaintiff, to protect inmates from being attacked.

13.     Upon information and belief, inmates Cline and Bowyers were involved in attacks on inmates in or about November of 2021, December of 2021, and January of 2022 all at the Southern Regional Jail. Despite the numerous attacks and physical altercations, no action was taken against inmates Cline and Bowyers and Plaintiff was forced to share a cell with them.

14.     The Defendants were aware that inmates Cline and Bowyers were involved in physical altercations with other inmates, but due to the preferential and inappropriate treatment of inmates Cline and Bowyers, they were not properly disciplined, were allowed to remain in the A-8 pod, and other inmates such as Plaintiff were forced to be housed with them.

15.     After being placed in the cell with inmates Cline and Bowyers, Plaintiff was told by the inmates that they jumped other inmates for no reason and the correctional officers would not do anything to them, and they could do the same thing to Plaintiff. Plaintiff tried to ignore the inmates' threats and requested to be placed in another cell. This request was denied.

16.     On or about April 10, 2022, inmates Cline and Bowyers told Plaintiff she was being

disrespectful and began beating Plaintiff while she was locked in the cell. Plaintiff begged for assistance and tried to call on the intercom in the cell, but no one ever answered. Plaintiff was left locked in her cell overnight and suffered a severe and serious beating from inmates Cline and Bowyers. As a result of the beating, Plaintiff suffered a black eye, bruising, busted lip, and her dentures were knocked out and broken.

17.     During the evening of April 10, 2022 and the morning of April 11, 2022, Plaintiff hit her intercom repeatedly in an attempt to receive help. No one ever responded. Also during the morning of April 11, 2022, a correctional officer was doing a walk through of the pod and Plaintiff shouted for assistance. This correctional officer, Defendant Doe, ignored Plaintiff's cries for help and did not assist Plaintiff.

18.     Plaintiff was repeatedly kicked, kneed, and punched as a result of defendants' deliberate indifference to plaintiff's safety when defendants placed Plaintiff in a cell with inmates Cline and Bowyers, who the Defendants knew were dangerous and had beaten up and injured numerous other inmates prior to this incident.

19.      Plaintiff was repeatedly kicked, kneed, and punched as a result of defendants' deliberate indifference to plaintiff's safety when defendant(s) Doe(s) failed to intervene on plaintiff's behalf when they were physically present and aware of the beating as well as ignoring Plaintiff's pleas for help over the intercom from her cell.

20.     The willful and deliberate acts and omissions of the defendants directly resulted in plaintiff being physically assaulted by another inmate.  Plaintiff affirmatively states that she has exhausted all administrative remedies.  Plaintiff further asserts that she is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage, if applicable, to the claims made herein.

**PROCEDURAL BACKGROUND**

21.     Plaintiff originally filed this Complaint in the Circuit Court of Kanawha County, West Virginia on April 9, 2024.

22.     The Circuit Court entered an Order on March 25, 2025, dismissing the case against all defendants because of a failure to provide pre-suit notice. The Circuit Court dismissed the case against all defendants **without prejudice**. The Circuit Court further held, "Based on Rule 41(b) and the language of W.Va. Code 55-2-18, the *Motto* Court held that the Savings Statute does apply where an action is dismissed for failure to comply with pre-suit notice requirements. *Motto*, at 856. This Court applies the same here."

23.     Plaintiff now files this complaint pursuant to the West Virginia Savings statute.

**COUNT I -  DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983**

24.     Plaintiff incorporates by reference and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

25.     Defendants Blevins, Walls, Fornash, Kittle, Ship, Kennedy, Moore, and Doe(s) were at all times herein acting under the color of state law and are being sued in their individual capacities.

26.     These Defendants acted with deliberate indifference when they witnessed, heard and allowed plaintiff to be beaten without intervening.  Defendant Doe(s) witnessed the beating and had a duty to protect plaintiff from being beaten.  Defendant Doe(s) knew that the beating presented a risk of serious injury or death.

27.     Defendants Blevins, Walls, Fornash, Kittle, Ship, Kennedy, Moore, and Doe(s) acted with deliberate indifference when they forced Plaintiff to share a cell with inmates Cline and Bowyers. These Defendants had knowledge that inmates Cline and Bowyers were involved in

repeated and numerous physical confrontations, including battery and assault of other inmates prior to the incident involving Plaintiff. The Defendants were further deliberately indifferent by failing to intervene, discipline, or report the actions of inmates Cline and Bowyers because of the inappropriate relationship the Defendants had with these individuals. Due to the failure of these Defendants to take any meaningful action to discipline inmates Cline and Bowyers, and due to the fact that these Defendants were actually aiding the inmates in getting away with misconduct in the Southern Regional Jail, they were directly and a proximate cause for Plaintiff being attacked and injured.

28. This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy.

29. The Defendants acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when plaintiff was being beaten. Moreover, the defendants would have known through the training and legal precedent that their conduct (deliberate indifference to a dangerous condition), was a violation of plaintiff's constitutional rights under the Eight Amendment. Defendants had knowledge of the dangerous condition as well as an opportunity to act and prevent plaintiff from being harmed.

30. The Defendants further acted with deliberate indifference to the safety of Plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to protect inmates such as the Plaintiff, from inmates Cline and Bowyers. The defendants were not only aware of, but encouraged the dangerous and unlawful behavior of inmates Cline and Bowyers and failed to take any steps to intervene or discipline these defendants. These Defendants then allowed Plaintiff to be placed in a cell with two dangerous

individuals and Plaintiff was brutally beaten as a result.

31.     Under the Eighth Amendment's prohibition against cruel and unusual punishments, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). [H]aving stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* In short, "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834.

32.     A failure-to-protect claim must satisfy two prongs. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted).  The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).  Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.* at 835.  Specifically, deliberate indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634.

33.     Plaintiff suffered a serious and significant physical and emotional injury as a result of the conduct of the Defendants. Moreover, the Defendants were deliberately indifferent to Plaintiff's health and safety as described herein.

34.     The acts and omissions of the Defendants as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against

the Defendants named herein.  Defendants through their training and legal precedent knew that they had a duty to protect inmates from harm.

35.    As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff, plaintiff incurred physical injury, pain and suffering and severe emotional distress.

36.    The actions of the defendants were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury.

37.    Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff requests such other and further relief as this Honorable Court deems just.  Plaintiff is not seeking punitive damages from the WVDCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

BRITTANY HUDSON
By Counsel,
**/s/ Paul E. Stroebel**
Paul E. Stroebel, Esquire (WV BAR 13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com